UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW BRIENT,

      **Plaintiff,**

      v.

      Civil Action 2:15-cv-2965
      Judge Algenon L. Marbley
      Magistrate Judge Elizabeth P. Deavers

**KYLE CALENDINE,** *et al.*,

      **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Matthew Brient, an Ohio resident who is proceeding without the assistance of counsel, brings this federal civil rights action against the Albany Police Department, Officer Kyle Calendine, Officer Robert Deardorf, Prosecutor Keller Blackburn, Judge William Grim, and at least one John Doe (collectively "Defendants").  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).  This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendant Albany Police Department, Defendant Blackburn, Defendant Judge Grim, and Defendant John Doe for failure to assert any claim over

which this Court has subject matter jurisdiction.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

---

[1] Formerly 28 U.S.C. § 1915(d).

2

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

3

According to the Complaint, Defendants were involved in the arrest and prosecution of Plaintiff for at least two separate traffic violations. (ECF No. 2 at 5-6.) Plaintiff, however, appears to assert claims arising only from his arrest on September 9, 2015 by Defendants Deardorf and Calendine and his subsequent prosecution. (*Id.*) Plaintiff claims that, in the course of the arrest, Defendant Calendine placed him in handcuffs, which resulted in physical injury, including localized swelling and "deep welts." (ECF No. 2 at 6.) Plaintiff alleges that his arrest was unlawful, resulting in his unlawful restraint by Defendant Deardorf and Defendant Calending and theft of his car by Defendant John Doe, who is an unknown employee of McDonald Towing Company. (ECF No. 2 at 5-6.) Plaintiff also alleges that Defendant Deardorf filed a false criminal complaint against him at an unspecified prior date, which, according to Plaintiff resulted in an unlawful warrant issued by Defendant Judge Grim. (*Id.*) Plaintiff alleges unspecified "blatant Human rights violations" on the part of Defendant Blackburn in the course of his criminal prosecution. (ECF No. 2 at 6.)

It appears that Plaintiff alleges Defendants' actions constitute false arrest, unlawful restraint, malicious prosecution, theft, and excessive force and, therefore, violate 42 U.S.C. § 1983. (ECF No. 2 at 3.) Plaintiff seeks monetary damages in the amount of $500,000 from each Defendant. (ECF No. 2 at 7.) The Undersigned concludes that Plaintiff's Complaint cannot support a cause of action under § 1983 against Defendant Albany Police Department, Defendant Blackburn, Defendant Judge Grim, and Defendant John Doe.

### III.

Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must plead both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985).

### A. Judge Grim's Judicial Immunity

As an initial matter, the Undersigned finds Judge Grim is immune from liability as a matter of law. Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir.). This far-reaching protection is necessary to ensure that exposure to potential damages does not impair the independent and impartial exercise of the Court's judgment. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012).

Plaintiff cannot overcome the presumption of immunity under the first criterion. The determination of whether an action is performed in the defendant's judicial capacity depends upon the "nature" and "function" of the act, rather than the act itself. *Mireles*, 502 U.S. at 13;

5

*Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Looking first to the "nature" of the act, the Court must determine whether the conduct giving rise to the claim is a function generally performed by a judge.  *Stump*, 435 U.S. at 362.  This inquiry requires only an examination of the judge's alleged conduct in relation to the general functions normally performed by judges.  *Mireles*, 502 U.S. at 13.  Second, an examination of the "function" of the act alleged requires the Court to assess whether the plaintiff dealt with the judge in his judicial role.  *Id*.

In applying these principles, the Undersigned finds that Judge Grim was acting in his judicial capacity at all times that the conduct alleged in the Complaint occurred.  Issuing warrants is an action normally performed by trial court judges.  Furthermore, to the extent Plaintiff interacted with Judge Grim at all, the interaction occurred only when Judge Grim was performing his judicial duties.  Plaintiff, therefore cannot overcome the presumption of judicial immunity under the first criterion.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  *Id*. at 11-12; *Barnes*, 105 F.3d at 1116.  When judicial immunity is at issue, the scope of the judge's jurisdiction is broadly construed.  *Stump*, 435 U.S. at 356-357.  A judge does not forfeit immunity because a judicial action is taken in error, done maliciously, or was in excess of his authority.  *Id*.  Actions taken in complete absence of all jurisdiction are those acts which are clearly outside fo the subject matter jurisdiction of the court over which the judge presides.  *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).  Conversely, merely acting in excess of authority does not preclude immunity.  *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present matter, Plaintiff's Complaint does not raise any allegations that suggest Judge Grim acted outside the subject matter jurisdiction of the Athens County Municipal Court.

Plaintiff contends that Judge Grim "falsified a warrant." (ECF No. 2 at 6.) As the Sixth Circuit has recognized, however, "the judicial nature of the act of issuing an arrest warrant cannot seriously be challenged." *Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997). Plaintiff, therefore, does not have recourse against Judge Grim for damages in a civil rights action under § 1983. Accordingly, Plaintiff fails to state a claim for which relief may be granted against Judge Grim.

**B. Defendant Blackburn's Prosecutorial Immunity**

The Undersigned also finds the Complaint fails to assert a claim for which relief may be granted against Defendant Blackburn. Defendant Blackburn is the Athens County Prosecutor and is being sued for unspecified conduct in prosecuting Plaintiff. (ECF No. 2 at 6.) Prosecutors, however, are entitled to absolute immunity from damages for both initiating and prosecuting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Prosecutors could not properly perform this duty if every decision carried the potential consequences of personal liability in a suit for damages. *Id*. Prosecutors, therefore, are extended absolute immunity when the challenged actions are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating and prosecuting a criminal case, but also for activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id*. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

In the present case, Plaintiff challenges unspecified actions Defendant Blackburn took during the judicial phase of Plaintiff's prosecution. Plaintiff's Complaint contains no facts that

7

suggest Defendant Blackburn engaged in any activity outside his role as an advocate in prosecuting Plaintiff.  The Undersigned finds, therefore, that Defendant Blackburn is entitled to absolute immunity in this matter.  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Blackburn.

**C.  Albany Police Department's Municipal Liability**

The Undersigned finds that Plaintiff has failed to state a claim upon which relief may be granted against the Albany Police Department because it is not an entity that is capable of being sued.  *Davis v. Bexley Police Dept't*, No. 2:08-cv-750, 2009 WL 414269 at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002)); *see Schaffner v. Pell*, No. 2:10-cv-374, 2010 WL 2572777 at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridical entity subject to suit under Ohio law.").  As the this Court explained in *Davis*, "Police departments are not independent government entities.  They are only the vehicles through which municipalities fulfill their policing functions.  Thus, police departments are not proper § 1983 defendants as they are merely sub-units of the municipalities they serve."  *Davis,* 2009 WL 414269 at *2 (internal quotes and citations omitted).

Even if the Court were to liberally construe the *pro se* Complaint as alleging claims against the municipality of Albany, Plaintiff's claim would nevertheless fail.  Municipalities cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000); *see Davis*, 2009 WL 414269 at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the

8

claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, a plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In the instant case, Plaintiff has alleged no facts indicating that Defendants violated his constitutional rights pursuant to a policy or custom of Albany. In the absence of such allegations, Plaintiff has failed to state a claim for which relief may be granted based on the theory of municipal liability. *Monell*, 436 U.S. at 693-694. Accordingly, the Undersigned finds that Plaintiff has failed to state a claim for which relief may be granted against Defendant Albany Police Department, or, to the extend he intended to assert a claim, against the municipality of Albany.

### D.  Claims against Defendant Deardorf and Defendant Calendine

#### 1. False Arrest

In order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause. *Painter v. Robertson*, 185 F.3d 557, 569 (6th Cir. 1999). A police officer has probable cause if there is a "'fair probability'" that the individual to be arrested has either committed or intends to commit a crime. *Northrop v. Trippett*, 265 F.3d 372, 379 (6th Cir. 2001) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989), *cert. denied*, 535 U.S. 955

(2002)). A police officer determines the existence of probable cause by examining the facts and circumstances within his knowledge that are sufficient to inform "a prudent person, or one of reasonable caution," that the suspect "has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).

Plaintiff states that he was arrested on September 9, 2015 by Defendant Deardorf and Defendant Calendine. (ECF No. 2 at 5.) According to Plaintiff, Defendants told him he was being detained for having a "burnt out light for the license plate." (*Id.*) Plaintiff claims that Defendants illegally seized him because having a burnt out license plate light is not a violation of law. (*Id.*) However, Ohio law requires that "[e]ither a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear." Ohio Rev. Code Ann. § 4513.05(A) (West 2015). Ohio law makes violation of this provision a minor misdemeanor. Rev. Code Ann. § 4513.05(B) (West 2015). Defendants, therefore, had probable cause to arrest Plaintiff. Although in most cases a full custodial arrest for a minor misdemeanor violates the Ohio Constitution, *State v. Brown*, 2003-Ohio-3931, ¶ 25, 99 Ohio St. 3d 323, 327, 792 N.E.2d 175 (Ohio 2003), the U.S. Supreme Court has held that a full custodial arrest for a traffic offense punishable only by a fine does not violate the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). The Undersigned, therefore, finds that Plaintiff has failed to state a claim for which relief may be granted against Defendant Deardorf and Defendant Calendine for false arrest.

**2. Excessive Force**

It is axiomatic that individuals have a constitutional right not to be subjected to excessive force during an arrest. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Claims of excessive force in the context of an arrest are analyzed under the Fourth Amendment's "objective reasonableness standard." *Saucier v. Katz*, 533 U.S. 194, 204 (2001)(citing *Graham*, 490 U.S. at 388). If the amount of force used to accomplish the arrest is objectively reasonable based on Fourth Amendment seizure principles, then no constitutional violation occurred.

In *Graham*, the Supreme Court established the test for determining objective unreasonableness. Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396. While individuals clearly have a right to be free from excessive force, police officers have an essential duty to arrest suspects and, necessarily, "the right to use some degree of physical coercion or threat thereof to effect [the arrest]." *Id*. Courts evaluate whether the arresting officer's use of force is reasonable on a case by case basis, from the perspective of an officer on the scene, and in light of the "difficulties of modern police work." *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006) (internal quotations and citation omitted). Although the ultimate inquiry is whether the totality of the circumstances justifies the force used to accomplish the arrest, the Supreme Court has identified three factors for the district court to consider in determining reasonableness: (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the police officers or others; and (3) whether the suspect actively resisted arrest or attempted to evade arrest by flight. *Graham*, 490 U.S. at 396.

As explained above, Ohio law does not permit the full custodial arrest for a minor misdemeanor. The use of any force, therefore, in making a custodial arrest raises the question of reasonableness. As with Plaintiff's unlawful arrest claims, the Court has no additional facts at this step of the proceedings with which to evaluate Plaintiff's allegations of excessive force. The Undersigned finds, therefore, that Plaintiff's claims against Defendant Deardorf and Defendant Calendine for excessive force should proceed.

**E. Theft Claims against Defendant Deardorf, Defendant Calendine, and Defendant John Doe**

Plaintiff claims that Defendant Deardorf and Defendant Calendine, in the course the September 9, 2015 arrest, "took a car belonging to me." (ECF No. 2 at 5.) Plaintiff also alleges that "McDonald Towing Co. located in McArthur, Ohio was Complicit [*sic*] in the theft of my car." The Court construes Plaintiff's Complaint to allege that Defendants unlawfully impounded his vehicle following his arrest on September 9, 2015.

To properly state a claim for unreasonable seizure of property under § 1983, a plaintiff must allege that (1) the defendant's alleged actions constituted a search or seizure within the meaning of the Fourth Amendment; and (2) defendant's actions were unreasonable in light of the surrounding circumstances. *Collins v. Nagle*, 892 F.2d 489, 493–4 (6th Cir. 1989) (finding that, to determine whether seizure of plaintiff's vehicle was reasonable, court must determine "whether the . . . decision to impound was reasonable under the circumstances"). Assuming that Defendants' impounding of Plaintiff's vehicle constituted both a seizure within the meaning of the Fourth Amendment and state action on the part of Defendant John Doe, the Undersigned finds that impounding Plaintiff's vehicle in conjunction with a lawful custodial arrest is reasonable under all the circumstances. *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976).

Plaintiff has alleged no facts that would suggest Defendants acted unreasonably or committed a theft offense by impounding Plaintiff's vehicle in conjunction with a lawful custodial arrest. The Undersigned, therefore, finds that Plaintiff has failed to state a claim for which relief may be granted against Defendant Deardorf, Defendant Calendine, and Defendant John Doe for theft.

## III.

For the reasons stated above, the Undersigned finds that Plaintiff's Complaint, at this preliminary stage of the proceedings, survives an initial screen as against Defendant Deardorf and Defendant Calendine as to his claims for excessive force. The Undersigned also finds that Plaintiff has not made out viable claims upon which relief may be granted against Defendant Albany Police Department, Defendant Judge Grim, Defendant Blackburn, and Defendant John Doe. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims in this action against Defendant Albany Police Department, Defendant Judge Grim, Defendant Blackburn, and Defendant John Doe pursuant to Section 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l*

*Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: November 13, 2015          /s/ *Elizabeth A. Preston Deavers*
                                 ELIZABETH A. PRESTON DEAVERS
                                 UNITED STATES MAGISTRATE JUDGE